```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

```
                                 (
JERRY MURPHY,                    (
                                 (
        Plaintiff,               (
                                 (
vs.                              (     No. 06-2860-B/An
                                 (
TENNESSEE DEPARTMENT OF          (
CORRECTION, et al.,              (
                                 (
        Defendants.              (
                                 (
```

```
                     ORDER OF PARTIAL DISMISSAL
                                AND
             ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS
                     ON THE REMAINING DEFENDANTS
```

Plaintiff Jerry Murphy, Tennessee Department of Correction ("TDOC") prisoner number 133891, who is currently an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee on December 5, 2006 concerning his previous confinement at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. On December 5, 2006, District Judge William J. Haynes issued an order assessing the civil filing fee and transferring the case to this district, where it was docketed on December 18, 2006. The Clerk shall record the defendants as the

TDOC; the State of Tennessee;[1] WTSP Warden Tony Parker; Anthony L., who is identified as a physician at the WTSP; WTSP Deputy Warden Henry Steward; TDOC Commissioner George Little; Dr. Adams, a physician at the WTSP; and Inmate Relations Coordinator Henning.[2]

I.   Analysis of Plaintiff's Claims

Murphy is a sixty (60) year old inmate with multiple health problems. He had a heart attack several years ago, and he currently takes heart medication. The complaint alleges that, on October 12, 2006, Plaintiff "was moved from the A side of classification to the B side of classification." Plaintiff "was immediately assigned a [t]op [b]unk," although his records allegedly reflected that he was a "Class C medical inmate" who should be assigned a bottom bunk. He complained to various officers, and Defendant Henning said nothing could be done until Monday, October 16, 2006. On October 13, 2006, as Plaintiff was attempting to climb into his bunk, he "received a deep and severe pain in [his] left and right side groin area." Murphy allegedly fell backwards off the bed and was knocked unconscious. Plaintiff's cellmate notified the officers on duty, who called the clinic.

---

[1]   Although the complaint names the WTSP as a defendant, Plaintiff is apparently attempting to sue the State of Tennessee, which operates the WTSP.

[2]   The complaint also purports to sue individuals identified only as "West Tennessee State Prison Medical Staff." However, service of process cannot be made on a fictitious party. Moreover, the filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, to the extent Plaintiff seeks to bring any complaint against any other individual or entity, he must identify the defendant and file a new lawsuit within the one-year statute of limitations applicable to § 1983 actions. Tenn. Code Ann. § 28-3-104(a).

Plaintiff contends he overheard the officers complain that it took the nursing staff thirty (30) minutes to respond to the call. Plaintiff further alleges that he did not see a doctor until twenty (20) days after the accident and x-rays were not taken for twenty-three (23) days.

The inmate seeks compensatory and punitive damages.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint does not state a valid claim with respect to certain defendants.

Murphy's claim against the TDOC is, in effect, a claim against the State of Tennessee. Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 164-65 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984). Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Graham, 473 U.S. at 165-66; Pennhurst, 465 U.S. at 98-100; Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a).[3]

---

[3]  Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617
(continued...)

Accordingly, the Court DISMISSES the complaint with respect to the TDOC and the State of Tennessee pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii) and 1915A(b)(1) & (2).

The complaint contains no factual allegations about Defendants Parker, Steward, and Little. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Moreover, Defendant Little cannot be held liable because of his position as TDOC Commissioner, and Defendants Parker and Steward cannot be held liable because of their positions as Warden and Deputy Warden of the WTSP. There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this

---

[3] (...continued)
(2002); Will v. Michigan, 491 U.S. 58, 71 (1989).

case, the complaint contains no allegations that Defendants Parker, Steward, and Little "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of the failure of Defendants Parker, Steward, or Little to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tenn., 103 F.3d 495, 511-12 (6th Cir. 1996). The standard is not satisfied by allegations that a defendant mishandled a grievance or failed to investigate a complaint. Shehee, 199 F.3d at 300. Therefore, even if it were assumed that some WTSP employee was deliberately indifferent to a serious medical need, Defendants Parker, Steward, and Little could not be personally liable to Plaintiff.

The Court DISMISSES the complaint against Defendants Parker, Steward, and Little, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

II. Issuance of Process

It is ORDERED that the Clerk shall issue process for Defendants Anthony L., Adams, and Henning and deliver said process to the marshal for service. Service shall be made on Defendants pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United

States. The service on Defendants shall include a copy of this order.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for each defendant or on any defendant who has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 29th day of May, 2007.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE